**KATZ ET AL. v. UNITED STATES**
U. S. Court of Appeals, Sixth Circuit,
No. 3614, decided May 12, 1922
For full opinion see 281 Fed., 129 (          1922)

**RECEIVING STOLEN AUTOMOBILE—(1) Knowledge of Interstate use not essential to conviction—(2) Knowledge that car was stolen properly inferred from criminal record of seller—(3) Evidence admissible under proper caution of knowledge of other auto thefts by seller.**

DENISON, Circ. J.:

In error to conviction in U. S. District Court, Nor. Dist. of Ohio, Westenhaver, Judge.

Katz was convicted of violating Sec. 4 of the U. S. Act of Oct. 29, 1919, penalizing interstate transportation of stolen automobiles. Katz and another were charged that at Cleveland they received and concealed an automobile stolen at Erie, Pa., and transported to that city, which had been moving as a part of interstate commerce, the accused knowing the same to have been stolen, and transported in interstate commerce. The Court of Appeals held:

1. The defense claimed that in order to justify a conviction of Katz, the prosecution must prove that he knew the auto had been stolen, and of its interstate transportation. But the appellate court held that it was sufficient that he knew that the car had been stolen.

2. The defense argued that there was not sufficient evidence to support a conviction that Katz had the necessary knowledge that the car was stolen. The testimony of the government showed that Katz bought the car from one Walsh, whom Katz knew was a car theif, and that Katz used a bill of sale signed by Walsh under a fictitious name. This was sufficient to sustain a finding by the jury that he knew that the car was stolen.

3. Evidence was admissible that Katz knew of the stealing of another car by the seller from whom he bought the car in question, the jury having been cautioned that the testimony must not be considered except as it might be thought to have a bearing upon the issue of knowledge that the car in question was stolen.

**Attorneys**—F. R. Hahn, Youngstown, and Reuel Lang, Cleveland, for Katz; D. J. Needham, Asst. U. S. Atty., Cleveland, for the Government.

### No. 21

**BLOCH ET AL v. EASTERN MACH. SCREW CO.**
U. S. Court of Appeals, Sixth Circuit
(No. 3627, decided May 2, 1922)
For full opinion see 281 Fed. Rep., 777 (Oct. 12, 1922)
Error to judgment for plaintiff, in the District Court, Nor. Div. of Ohio, Eastern Div.

**EVIDENCE—(1) Proof of mailing letter raises only disputable inference of notice—Question for jury—Sales Warranty—(2) Evidence of promise of prompt remittance admissible as tending to show goods not defective—(v) Sec. 8429 GC. requires reasonable notice of defects.**

WESTENHAVER, J.:

In July, 1919 the plaintiff, Bloch, purchased from the defendant, Screw Co., 50,000 auto parts, and this action in the court below was for the purchase price. A defense of breach of warranty was set up, as to quality. The many questions involved are controlled by the Uniform Sales Act of Ohio, 8429 GC., the seller claiming failure to give notice of the breach within a reasonable time after he knew, or ought to have known, of it.

One of the vendees testified that on Sept, 9 he wrote a letter of complaint, sufficiently definite to give the required notice, the receipt of which vendor denied. The court below charged the jury that unless the letter was received the defense and counterclaim failed. Instruction was asked that if a letter was mailed the presumption is that it was received. The circuit court followed the charge of the district court and held:

1. Proof of mailing a letter usually raises a so-called presumption that it was received, but this is a disputable inference of fact, and the burden of proof is not thereby shifted to the addressee; it remains upon the one who must prove the notice effected by the letter. The question is one for the jury.

2. Evidence that upon application to the vendees' office man to urge payment, he promised prompt payment and made no claim of defense, taken in connection with long continued conduct of the same color by defendant, in that it tends to show the goods were not defective, was held admissible, its weight being for the jury.

3. Notice of the claimed defects which constitute the breach must be given, in a reasonably prompt time, under Section 8429, GC.

### KU KLUX KLAN IMMUNITY

Senator Walsh of Massachusetts recently wrote Attorney General Daughterty, urging the government to prosecute members of the Klan, under Sec. 19 of the Penal Code, for depriving persons of the rights guaranteed them under the Federal Constitution. The Attorney General replied:

"I have not been able to find a single set of facts which come within the four corners of Sec. 19 of the Penal Code as interpreted by the Courts.

"Casual examination of the cases under this section will demonstrate this. The rights and privileges referred to Sec. 19, according to the Courts' interpretation of it, are substantially those denominated in the Fourteenth Amendment.

"The so-called war legislation caused certain offenses. Sec. 37 was invoked to prosecute a conspiracy to violate those war acts. The tar and feather parties, assaults, homicides, etc., which you describe in your letter, fall within the police power of the several states, and the United States. Government has absolutely no jurisdiction in such matters."

The Attorney General concluded by saying that if any statement of facts come to the attention of any offenses committed by the Ku Klux Klan or any other organization, it will be prosecuted vigorously.

### WERTZ REPORTS CRIMINALS HELP U. S. TREASURY

Criminals in the northern Federal District of Ohio have been helping pay Uncle Sam's expenses, according to the recent report of U. S. Attorney E. S. Wertz.

In the last seventeen months, they have turned over $122,803.81, a monthly average of $7,224.

Here are some other things Mr. Wertz figured up:

A total of 110 years, five months and nineteen days have been handed out in sentences. Convictions have been obtained in 547 of the 615 criminal cases tried. Seventy cases were either dismissed or acquitals were rendered.

In civil cases judgment for the government has been obtained in ninety-three cases, while twenty-four judgments have been against the government. A total of $204.87 has been netted from judgments in civil cases.

Two hundred and eight cases were pending Dec. 1. Of this number seventy-one are fugitive cases, and in many of the others judgment has been secured, against some defendants. But cases are considered pending, Mr. Wertz declared, until all defendants concerned have been brought to trial.

From the 208 pending cases, fines totaling $32,125 have been collected and sentences totaling twenty-six years, nine months and fifteen days given.